**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

_____ (State)

Case number *(if known)*: _____   Chapter **11**

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   DUV Intermediate Holding II Corporation

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8 3 _ 0 5 4 4 8 2 9

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 75 Valley Stream Parkway | 360 North Crescent Drive |
   | Number   Street | Number   Street |
   | Suite 201 | C/O Platinum Equity Advisors, LLC |
   | | P.O. Box |
   | Malvern   PA   19355 | Beverly Hills   CA   90210 |
   | City   State   ZIP Code | City   State   ZIP Code |
   | | Location of principal assets, if different from principal place of business |
   | County | Number   Street |
   | | City   State   ZIP Code |

5. **Debtor's website** (URL)

   www.lifescan.com

Debtor    DUV Intermediate Holding II Corporation
_____
          Name

Case number (if known) _____

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>  <u>3</u>  <u>9</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☑ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                        MM / DD / YYYY

           District _____   When _____   Case number _____
                                        MM / DD / YYYY

| Debtor | DUV Intermediate Holding II Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes.

| Debtor | See Schedule 1 | Relationship | Affiliate |
|---|---|---|---|
| District | Southern District of Texas | When | 07/15/2025 |
| | | | MM / DD / YYYY |

Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____
City                                                State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☑ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | DUV Intermediate Holding II Corporation | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,000-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,000-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/15/2025
MM / DD / YYYY

✖ /s/ Ty Renbarger
Signature of authorized representative of debtor

Ty Renbarger
Printed name

Title   Vice President

**18. Signature of attorney**

✖ /s/ John F. Higgins
Signature of attorney for debtor

Date   07/15/2025
MM / DD / YYYY

John F. Higgins
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Number    Street

Houston
City

TX
State

77002
ZIP Code

(713) 226-6000
Contact phone

jhiggins@porterhedges.com
Email address

09597500
Bar number

TX
State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").  The Debtors have, substantially contemporaneously herewith, filed a motion with the Court requesting the chapter 11 case of each Debtor be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of LifeScan Global Corporation.

| COMPANY |
| --- |
| LifeScan Global Corporation |
| DUV Holding Corporation |
| DUV Intermediate Holding Corporation |
| DUV Intermediate Holding II Corporation |
| LifeScan, Inc. |
| LifeScan Texas, LLC |
| LifeScan China, LLC |
| LifeScan IP Holdings, LLC |
| LifeScan Institute, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DUV Intermediate Holding II Corporation | ) | Case No. 25-[_____ (_)] |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY HOLDERS

    1. Pursuant to Rules 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following table identifies all entities directly holding an equity ownership interest in the above-captioned debtor in possession:

| Equity Holder | Last Known Address | Percentage of Equity Held |
|---|---|---|
| DUV Intermediate Holding Corporation | 75 Valley Stream Parkway<br>Suite 201<br>Malvern, PA 19355<br>USA | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| DUV Intermediate Holding II Corporation | Case No. 25-[_____ (_)] |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

1.      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), attached hereto as **Exhibit A** is an organizational chart of LifeScan Global Corporation.

2.      DUV Intermediate Holding II Corporation is owned as follows: (i) 100% by DUV Intermediate Holding Corporation.

## Exhibit A

**Organizational Chart**

Milbank



**Fill in this information to identify the case:**

Debtor name: **LifeScan, Inc.**

United States Bankruptcy Court for the:  **Southern District of Texas**

Case number (If known): 

☐ Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CVS HEALTH CORPORATION<br>1 CVS DRIVE<br>WOONSOCKET, RI 02895<br>UNITED STATES | Attn: DAVID JOYNER<br>Title: PRESIDENT AND CEO<br>Phone: 469-524-7201<br>Email: DAVID.JOYNER@CVSHEALTH.COM | Rebates payable | | | | $ 244,689,376 |
| 2 | UNITEDHEALTH GROUP<br>9900 BREN RD E<br>MINNETONKA, MN 55343<br>UNITED STATES | Attn: TIM NOEL<br>Title: CEO, MEDICARE AND RETIREMENT<br>Phone: 877-536-3550<br>Email: TIMOTHY_NOEL@UHC.COM | Rebates payable | | | | $ 234,925,978 |
| 3 | THE CIGNA GROUP<br>900 COTTAGE GROVE RD<br>BLOOMFIELD, CT 06002-2920<br>UNITED STATES | Attn: ANN DENNISON<br>Title: EVP AND CFO<br>Phone: 860-787-7968<br>Email: ANN.DENNISON@THECIGNAGROUP.COM | Rebates payable | | | | $ 196,301,555 |
| 4 | ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES<br>201 S GRAND AVE E, 3RD FLOOR<br>SPRINGFIELD, IL 62763<br>UNITED STATES | Attn: KELLY CUNNINGHAM<br>Title: MEDICAID ADMINISTRATOR<br>Phone: 217-782-2570<br>Email: KELLY.CUNNINGHAM@ILLINOIS.GOV | Rebates payable | | | | $ 30,726,944 |
| 5 | PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES<br>625 FORSTER STREET<br>HARRISBURG, PA 17120-0001<br>UNITED STATES | Attn: VALERIE A. ARKOOSH, MD, MPH<br>Title: SECRETARY<br>Phone: 717-787-2600<br>Email: VARKOOSH@PA.GOV | Rebates payable | | | | $ 15,379,325 |
| 6 | OHIO DEPARTMENT OF MEDICAID<br>50 WEST TOWN STREET, SUITE 400<br>COLUMBUS, OH 43215<br>UNITED STATES | Attn: MAUREEN CORCORAN<br>Title: DIRECTOR<br>Phone: 614-466-4443<br>Email: MAUREEN.CORCORAN@MEDICAID.OHIO.GOV | Rebates payable | | | | $ 13,652,279 |
| 7 | KENTUCKY CABINET FOR HEALTH AND FAMILY SERVICES<br>275 E. MAIN STREET, 6 WEST A<br>FRANKFORT, KY 40621<br>UNITED STATES | Attn: LISA LEE<br>Title: MEDICAID COMMISSIONER<br>Phone: 502-564-4321<br>Email: LISA.LEE@KY.GOV | Rebates payable | | | | $ 8,716,011 |
| 8 | WISCONSIN DEPARTMENT OF HEALTH SERVICES<br>1 WEST WILSON STREET, ROOM 350<br>MADISON, WI 53701-0309<br>UNITED STATES | Attn: WILLIAM HANNA<br>Title: MEDICAID DIRECTOR<br>Phone: 608-266-1271<br>Email: WILLIAM.HANNA@DHS.WISCONSIN.GOV | Rebates payable | | | | $ 6,031,397 |
| 9 | MISSOURI DEPARTMENT OF SOCIAL SERVICES<br>615 HOWERTON COURT, PO BOX 6500<br>JEFFERSON CITY, MO 65102x6500<br>UNITED STATES | Attn: TODD RICHARDSON<br>Title: DIRECTOR, MO HEALTHNET<br>Phone: 573-751x6922<br>Email: TODD.RICHARDSON@DSS.MO.GOV | Rebates payable | | | | $ 5,363,343 |
| 10 | NEW YORK STATE DEPARTMENT OF HEALTH<br>CORNING TOWER, EMPIRE STATE PLAZA, ROOM 1466<br>ALBANY, NY 12237<br>UNITED STATES | Attn: AMIR BASSIRI<br>Title: MEDICAID DIRECTOR<br>Phone: 518-474-3018<br>Email: AMIR.BASSIRI@HEALTH.NY.GOV | Rebates payable | | | | $ 5,345,659 |
| 11 | HORIZON HEALTHCARE OF NJ INC<br>THREE PENN PLAZA EAST<br>NEWARK, NJ 07105<br>UNITED STATES | Attn: DAVID J. ROSENBERG<br>Title: EVP AND CFO<br>Phone: 973-466-5607<br>Email: DAVID_ROSENBERG@HORIZONBLUE.COM | Rebates payable | | | | $ 5,338,446 |
| 12 | FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION<br>2727 MAHAN DR, MAIL STOP #8<br>TALLAHASSEE, FL 32308<br>UNITED STATES | Attn: BRIAN MEYER<br>Title: DEPUTY SECRETARY FOR MEDICAID<br>Phone: 850-412-4000<br>Email: BRIAN.MEYER@AHCA.MYFLORIDA.COM | Rebates payable | | | | $ 5,196,292 |
| 13 | CONNECTICUT DEPARTMENT OF SOCIAL SERVICES<br>55 FARMINGTON AVE<br>HARTFORD, CT 06105<br>UNITED STATES | Attn: WILLIAM HALSEY<br>Title: MEDICAID DIRECTOR<br>Phone: 860-424-5383<br>Email: WILLIAM.HALSEY@CT.GOV | Rebates payable | | | | $ 5,123,106 |
| 14 | CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES<br>1501 CAPITOL AVE, STE 71x2014<br>SACRAMENTO, CA 95814x5005<br>UNITED STATES | Attn: TYLER SADWITH<br>Title: STATE MEDICAID DIRECTOR<br>Phone: 916x44Ox7400<br>Email: TYLER.SADWITH@DHCS.CA.GOV | Rebates payable | | | | $ 5,035,464 |
| 15 | FLEX LTD.<br>12455 RESEARCH BLVD<br>AUSTIN, TX 78759<br>UNITED STATES | Attn: HOGI TAN<br>Title: COO<br>Phone: 669x242x6332<br>Email: HOOI.TAN@FLEXTRONICS.COM | Trade Payable | | | | $ 4,079,050 |
| 16 | ASAHI POLYSLIDER CO., LTD.<br>ONE PARKWAY CENTER<br>1850 PARKWAY PLACE, SUITE 410<br>MARIETTA, GA 30067<br>UNITED STATES | Attn: SHUN MIMURA<br>Title: BUSINESS DEVELOPMENT MANAGER<br>Phone: 678x601x5370<br>Email: SMIMURA@ASAHI-US.COM | Trade Payable | | | | $ 2,126,968 |
| 17 | OKLAHOMA HEALTH CARE AUTHORITY<br>4345 N. LINCOLN BLVD<br>OKLAHOMA CITY, OK 73105<br>UNITED STATES | Attn: CHRISTINA FOSS<br>Title: MEDICAID DIRECTOR<br>Phone: 405-522-7365<br>Email: CHRISTINA.FOSS@OKHCA.ORG | Rebates payable | | | | $ 1,909,085 |
| 18 | INDEPENDENT HEALTH ASSOCIATION, INC.<br>511 FARBER LAKES DRIVE<br>WILLIAMSVILLE, NY 14221<br>UNITED STATES | Attn: MICHAEL W. CROPP, MD, MBA<br>Title: PRESIDENT AND CEO<br>Phone: 716x631x3001<br>Email: MCROPP@INDEPENDENTHEALTH.COM | Rebates payable | | | | $ 1,784,737 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>1100 EAST WILLIAM STREET, SUITE 101<br>CARSON CITY, NV 89701<br>UNITED STATES | Attn: STACIE WEEKS<br>Title: MEDICAID ADMINISTRATOR<br>Phone: 702-684-4200<br>Email: STACIE@NV.GOV | Rebates payable | | | | $ 1,695,343 |
| 20 | MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>109 CAPITOL STREET, 11 STATE HOUSE STATION<br>AUGUSTA, ME 04333<br>UNITED STATES | Attn: MICHELLE PROBERT<br>Title: DIRECTOR, MAINECARE<br>Phone: 207-287-2674<br>Email: MICHELLE.PROBERT@MAINE.GOV | Rebates payable | | | | $ 1,496,904 |
| 21 | LOUISIANA DEPARTMENT OF HEALTH<br>628 N 4TH STREET<br>BATON ROUGE, LA 70802<br>UNITED STATES | Attn: KIM SULLIVAN<br>Title: MEDICAID EXECUTIVE DIRECTOR<br>Phone: 225-342-9240<br>Email: KIMBERLY.SULLIVAN@LA.GOV | Rebates payable | | | | $ 1,382,117 |
| 22 | EXIOM TECHNOLOGIES LTD.<br>3 HOBBS HOUSE<br>HARROVIAN BUSINESS VILLAGE, BESSBOROUGH ROAD<br>HARROW, HA1 3EX<br>UNITED KINGDOM | Attn: ALPA PATEL<br>Title: DIRECTOR<br>Phone: +44 (0) 208 423 8463<br>Email: ALPA@EXIOMTECHNOLOGIES.COM | Trade Payable | | | | $ 925,248 |
| 23 | ADHESIVE RESEARCH IRELAND LTD.<br>RAHEEN BUSINESS PARK<br>LIMERICK, V94 VH22<br>IRELAND | Attn: CRAIG MCCLENACHAN<br>Title: PRESIDENT<br>Phone: 800-445-6240<br>Email: CRAIGM@ADHESIVESRESEARCH.COM | Trade Payable | | | | $ 905,676 |
| 24 | ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>112 WEST 8TH STREET, SLOT S401<br>LITTLE ROCK, AR 72201-4608<br>UNITED STATES | Attn: JANET MANN<br>Title: DEPUTY DIRECTOR FOR HEALTH AND MEDICAID<br>Phone: 501-682-8648<br>Email: JANET.HMANN@DHS.ARKANSAS.GOV | Rebates payable | | | | $ 892,777 |
| 25 | APTAR CSP TECHNOLOGIES<br>960 W. VETERANS BLVD<br>AUBURN, AL 36832<br>UNITED STATES | Attn: STEPHAN TANDA<br>Title: PRESIDENT AND CEO<br>Phone: 815-477-0424<br>Email: STEPHAN.TANDA@APTAR.COM | Trade Payable | | | | $ 851,366 |
| 26 | EASTMAN CHEMICAL COMPANY<br>200 SOUTH WILCOX DR<br>KINGSPORT, TN 37660<br>UNITED STATES | Attn: BRAD LICH<br>Title: EVP AND CCO<br>Phone: 212-835-1620<br>Email: BLICH@EASTMAN.COM | Trade Payable | | | | $ 795,974 |
| 27 | HI-FI INDUSTRIAL FILM LTD.<br>WEDGWOOD WAY<br>STEVENAGE, SG1 4SX<br>UNITED KINGDOM | Attn: ROBIN RUIJGROK<br>Title: CEO<br>Phone: +44 (0) 1438 314 354<br>Email: ROBIN@HIFIFILM.COM | Trade Payable | | | | $ 704,934 |
| 28 | SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>1801 MAIN STREET, PO BOX 8206<br>COLUMBIA, SC 29201-8206<br>UNITED STATES | Attn: EUNICE MEDINA<br>Title: INTERIM MEDICAID DIRECTOR<br>Phone: 803-898-2504<br>Email: EUNICE.MEDINA@SCDHHS.GOV | Rebates payable | | | | $ 666,258 |
| 29 | ACOLAD INC..<br>11 RUE LAZARE HOCHE<br>BOULOGNE-BILLANCOURT, 92 100<br>FRANCE | Attn: BERTRAND GSTALDER<br>Title: CEO<br>Phone: +33 (0)1 46 04 66 00<br>Email: BERTRAND.GSTALDER@ACOLAD.COM | Trade Payable | | | | $ 597,907 |
| 30 | VERMONT AGENCY OF HUMAN SERVICES<br>280 STATE DRIVE - CENTER BUILDING<br>WATERBURY, VT 05676<br>UNITED STATES | Attn: DR, DASHAWN GROVES<br>Title: DHVA COMMISSIONER<br>Phone: 802-879-5900<br>Email: DASHAWN.GROVES@VERMONT.GOV | Rebates payable | | | | $ 594,875 |

**Fill in this information to identify the case and this filing:**

Debtor Name __DUV Intermediate Holding II Corporation__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration __List of Equity Holders and Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/15/2025__      ✗ __/s/ Ty Renbarger_____
MM / DD / YYYY            Signature of individual signing on behalf of debtor

Ty Renbarger
Printed name

Vice President
Position or relationship to debtor

**DUV HOLDING CORPORATION,**
**DUV INTERMEDIATE HOLDING CORPORATION,**
**DUV INTERMEDIATE HOLDING II CORPORATION**
**AND**
**LIFESCAN GLOBAL CORPORATION**

**SECRETARY'S CERTIFICATE**

July 15, 2025

I, John Holland, the undersigned Secretary of each of (i) DUV Holding Corporation, a Delaware corporation, (ii) DUV Intermediate Holding Corporation, a Delaware corporation, (iii) DUV Intermediate Holding II Corporation, a Delaware corporation, and (iv) LifeScan Global Corporation, a Delaware corporation (collectively, the "Companies"), hereby certify that, on July 15, 2025, the following resolutions attached hereto as Exhibit A were duly adopted by the Boards of Directors of each of the Companies at a joint meeting of such Boards of Directors, and recorded in the minute book of each of the Companies, and that they have not been amended, modified, or rescinded and, accordingly, are in full force and effect as of the date hereof.

By: ___John Holland___
Name: John Holland
Title: Secretary

**EXHIBIT A**

**JOINT RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
DUV HOLDING CORPORATION,
DUV INTERMEDIATE HOLDING CORPORATION,
DUV INTERMEDIATE HOLDING II CORPORATION
AND
LIFESCAN GLOBAL CORPORATION**

**WHEREAS**, on July 15, 2025, DUV Holding Corporation and certain of its direct and indirect subsidiaries entered into that certain Amended and Restated Restructuring Support Agreement (the "A&R RSA"), by and among each Company Entity (as defined in the A&R RSA) and the Consenting Stakeholders (as defined in the A&R RSA) providing for DUV Holding Corporation and the other Company Entities to undertake a restructuring of the capital structure of each Company Entity through either: (a) a prearranged chapter 11 plan of reorganization through the commencement of voluntary reorganization cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") or (b) in the event that on the Pivot Date (as defined in the A&R RSA) the Consent Condition (as defined in the A&R RSA) is not satisfied, a sale pursuant to section 363 of the Bankruptcy Code;

**WHEREAS**, the Board of Directors (each, a "Governing Body") of each of (i) DUV Holding Corporation, a Delaware corporation, (ii) DUV Intermediate Holding Corporation, a Delaware corporation, (iii) DUV Intermediate Holding II Corporation, a Delaware corporation, and (iv) LifeScan Global Corporation, a Delaware corporation (each, a "Company" and, collectively, the "Companies"), along with their legal and financial advisors, has considered the liquidity, financial and operational condition, including capital resources, and sources and uses of cash, of such Company and its subsidiaries and affiliates and its current lending arrangements in respect to meeting such Company's short-term liquidity needs;

**WHEREAS**, the Governing Body of each Company has reviewed the historical performance and results of such Company, the market in which such Company operates, its current, short-term and long-term future liquidity needs, its business prospects and its current and long-term liabilities;

**WHEREAS**, the Governing Body of each Company has considered and evaluated other lending arrangements and sources of liquidity in meeting such Company's short-term liquidity needs;

**WHEREAS**, the Governing Body of each Company has reviewed the materials presented by such Company's financial, operative, legal and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, such Company's financial condition, including its capital resources and uses of cash, liabilities and liquidity position, the strategic alternatives available to it, the impact of the foregoing on such Company's business and operations and the advisability of entering into restructuring arrangements;

**WHEREAS**, each Company has considered the importance of retaining outside legal, operative and financial advisors and any other professionals required to assist during the restructuring process; and

**WHEREAS**, the Governing Body of each Company has determined that taking the actions set forth below are advisable and in the best interests of such Company to preserve and protect its ordinary course of business and therefore desires to approve the following resolutions:

<u>**Approval of Chapter 11 Cases**</u>

**BE IT RESOLVED** that the Governing Body of each Company has determined that it is desirable and in the best interests of such Company and its respective creditors and other parties in interest that such Company file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code commencing the Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas, Houston Division;

**BE IT FURTHER RESOLVED** that each manager, member, officer or director of each Company on behalf of such person's Company (each, an "<u>Authorized Person</u>" and collectively, the "<u>Authorized Persons</u>"), in each case, acting singly or jointly, be, and each of them hereby is, authorized, empowered and directed to execute and file, or cause to be filed, with the bankruptcy court, for such Authorized Person's Company, all petitions, schedules, lists, motions, applications, pleadings and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief or in connection with the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases, including the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the resolutions herein and the transactions contemplated thereby;

<u>**Approval of the Retention of Advisors**</u>

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Milbank LLP as general bankruptcy counsel to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Porter Hedges LLP, as local bankruptcy counsel to represent and assist such Company

in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Porter Hedges LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of PJT Partners LP, as investment banker to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of PJT Partners LP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Alvarez & Marsal North America, LLC, as financial advisor to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Alvarez & Marsal North America, LLC;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Epiq Corporate Restructuring, LLC, as notice and claims agent to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Epiq Corporate Restructuring, LLC;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ any other professionals, including attorneys, accountants, tax advisors and notice and claims agents, necessary to assist such Authorized Persons' Company in carrying out such Company's duties under the Bankruptcy Code; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to or

immediately upon the filing of the Chapter 11 Cases, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary;

### Other Authorization and Ratification

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to prosecute the Chapter 11 Cases in a manner that in their business judgment is likely to maximize the recovery for stakeholders in such Company and minimize the obligations incurred by such Company;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such person shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Cases, including, but not limited to, implementing the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

**BE IT FURTHER RESOLVED** that, to the extent each Company serves as the sole member, managing member, general partner or other governing body (each a "Controlling Company") of any other company (each a "Controlled Company"), each Authorized Person of such Controlling Company, any one of whom may act without the joinder of any other Authorized Person of such Controlling Company, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person of such Controlling Company is herein authorized to take on behalf of such Controlling Company.